## UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF NEW MEXICO

**JESUS QUINTANA-QUINTANA,**
**Plaintiff,**

**vs.**                                                       No. _____

**GURJANT SINGH and**
**DAY & NIGHT TRUCKING COMPANY,**
**Defendants.**

### COMPLAINT

COMES NOW Plaintiff Jesus Quintana-Quintana (*hereinafter* "Mr. Quintana"), by and

through his undersigned counsel, and for his Complaint against Gurjant Singh (*hereinafter*

"Defendant Singh") and Day & Night Trucking Company hereby states as follows:

### JURISDICTION AND VENUE

1.      Plaintiff brings this action seeking damages in excess of $75,000 for personal

injuries he sustained, including the loss of his left arm, in a motor vehicle collision that occurred

on December 17, 2014 in Torrance County, New Mexico.

2.      This court has jurisdiction pursuant to 28 U.S.C. §1332, which gives district

courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3.      Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the

events that gave rise to this Complaint occurred in this district.

### PARTIES

4.      Plaintiff is a citizen of the United States and resides in the County of Sierra, State

of New Mexico, which is in this judicial district.

5.     Upon information and belief, Defendant Gurjant Singh is a citizen of the United States and resides in the County of Kern, State of California, which is not this judicial district.

6.     Upon information and belief, Defendant Day & Night Trucking Company is a foreign corporation doing business in New Mexico and incorporated in California.

## GENERAL ALLEGATIONS

7.     Mr. Quintana incorporates herein by reference all allegations contained in Paragraphs 1 through 6 as though more fully set forth herein.

8.     Upon information and belief, at all times relevant hereto, Defendant Singh was employed as a truck driver by Defendant Day & Night Trucking Company.

9.     Upon information and belief, on December 17, 2014, at approximately 1:25 PM, Defendant Singh was operating a semi-truck and trailer owned by Defendant Day & Night Trucking Company.

10.     Upon information and belief, Defendant Singh was travelling westbound on Interstate 40 in the inside lane of traffic.

11.     Upon information and belief, Defendant Singh was travelling very slowly and under the speed limit when the collision occurred.

12.     Upon information and belief, Defendant Singh did not have his hazard lights engaged either prior to or at the time of the collision.

13.     Upon information and belief, there were no vehicles in the outside lane of traffic when the collision occurred.

14.     Mr. Quintana was travelling westbound on Interstate 40 in his pickup truck when his vehicle collided with the rear-right corner of the trailer.

15.     Mr. Quintana's vehicle suffered catastrophic damages.

16.     Mr. Quintana sustained severe, life-changing injuries as a result of the collision, including having his entire left arm torn completely from his body at his shoulder.

**COUNT 1**
**NEGLIGENCE AND NEGLIGENCE PER SE**
**DEFENDANT SINGH**

17.     Mr. Quintana incorporates herein by reference all allegations contained in Paragraphs 1 through 16 as though more fully set forth herein.

18.     That on or about December 17, 2014, Defendant Singh, by and through his acts and omissions, was negligent in the operation of a motor vehicle at the time and place in question and was the proximate cause of the occurrence which is the subject of this cause of action.

19.     That at the time of the aforementioned collision, there were in force and effect certain New Mexico statutes that were violated by Defendant Singh including, but not limited to, the following:

a.   N.M.S.A. 1978, §66-7-3 Required obedience to traffic laws;

b.   N.M.S.A. 1978, §66-7-201 Accidents involving death or personal injuries;

c.   N.M.S.A. 1978, §66-8-14 Careless driving;

d.   N.M.S.A. 1978, §66-8-113 Reckless driving;

e.   N.M.S.A. 1978, §66-7-301 Speed regulation;

f.   N.M.S.A. 1978, §66-7-337 Drivers to exercise due care;

g.   N.M.S.A. 1978, §66-7-305 Minimum speed regulation;

h.   N.M.S.A. 1978, §66-7-359 Driving on mountain highways;

    i.   N.M.S.A. 1978, §66-3-812 Lamps and reflectors; large semitrailers, full trailers and house trailers;

    j.   N.M.S.A. 1978, §66-3-813 Lamps and reflectors, small semitrailers, house trailers and trailers.

20.     That Mr. Quintana traveling in a motor vehicle in the State of New Mexico was in the class of individuals contemplated by the Legislature as the intended class to be protected by the New Mexico Motor Vehicle laws.

21.     As a direct result of the negligence, *negligence per se* and omissions of Defendant Singh, Mr. Quintana has suffered physical injuries, including the loss of his left arm, and required medical treatment for those injuries and may continue to require medical treatment for those injuries in the future.

22.     As a direct result of the negligence, *negligence per se* and omissions of Defendant Singh, Mr. Quintana has suffered and will continue to suffer loss of household services, recreational activities and a loss of enjoyment of life.

23.     As a direct result of the negligence, *negligence per se* and omissions of Defendant Singh, Mr. Quintana has suffered and may continue to suffer out-of-pocket expenses.

24.     All of the injuries to Mr. Quintana relating to the aforementioned collision, including the loss of his left arm, are due to the negligence, carelessness and/or recklessness of Defendant Singh, without any comparative fault on the part of the Mr. Quintana.

25.     All of the out-of-pocket expenses which Mr. Quintana has incurred are due to the aforementioned collision and to the negligence, carelessness and/or recklessness of Defendant Singh, without any comparative fault on the part of Mr. Quintana.

## COUNT II
### NEGLIGENT ENTRUSTMENT & VICARIOUS LIABILITY
### DEFENDANT DAY & NIGHT TRUCKING COMPANY

26.    Mr. Quintana incorporates herein by reference all allegations contained in Paragraphs 1 through 25 as though more fully set forth herein.

27.    On or about December 17, 2014, Defendant Day & Night Trucking Company negligently entrusted said motor vehicle to Defendant Singh.

28.    Defendant Day & Night Trucking Company negligently entrusted said motor vehicle to Defendant Singh knowing that Defendant Singh was unfit to operate said motor vehicle.

29.    As a direct result of the negligent entrustment by Defendant Day & Night Trucking Company to Defendant Singh of said motor vehicle, Mr. Quintana has suffered physical injuries, including the loss of his left arm, and required medical treatment for those injuries and may continue to require medical treatment for those injuries in the future.

30.    As a future direct result of the negligent entrustment by Defendant Day & Night Trucking Company, Mr. Quintana has suffered and will continue to suffer loss of household services, recreational activities and a loss of enjoyment of life.

31.    As a further direct and proximate result of the negligent entrustment by Defendant Day & Night Trucking Company, Mr. Quintana has suffered and will continue to suffer pain and suffering and loss of society.

32.    Upon information and belief, Defendant Singh was under Defendant Day & Night Trucking Company's direct supervision, employ, and control when he committed the wrongful and negligent acts described herein.

33.     Upon information and belief, at all times relevant hereto, Defendant Day & Night Trucking Company granted Defendant Singh authority to act and perform as an agent of Defendant Day & Night Trucking Company and held Defendant Singh out to the community as a fit and competent agent of Defendant Day & Night Trucking Company.

34.     Upon information and belief, Defendant Singh committed the wrongful and negligent acts described herein within the authority arising from his agency with Defendant Day & Night Trucking Company.

35.     Upon information and belief, Defendant Singh was acting within the course and scope of his employment with Defendant Day & Night Trucking Company when he committed the wrongful and negligent acts described herein.

36.     Upon information and belief, the work being performed by Defendant Singh at the time of the collision was fairly and naturally incident to Defendant Day & Night Trucking Company's business and assigned to Defendant Singh.

37.     Upon information and belief, the collision occurred while Defendant Singh was engaged in Defendant Day & Night Trucking Company's business with the view of furthering its interests.

38.     Defendant Day & Night Trucking Company is liable for the wrongful and negligent acts of Defendant Singh described herein under the doctrines of vicarious liability and respondeat superior.

39.     All of the injuries to Mr. Quintana relating to the aforementioned collision, including the loss of his left arm, are due to the vicarious liability and/or negligent entrustment of

Defendant Day & Night Trucking Company's vehicle to Defendant Singh, without any comparative fault on the part of the Mr. Quintana.

## COUNT III
## PUNITIVE DAMAGES
## DEFENDANTS SINGH AND DAY & NIGHT TRUCKING COMPANY

40.     Mr. Quintana incorporates herein by reference all allegations contained in Paragraphs 1 through 39 as though more fully set forth herein.

41.     Defendant Day & Night Trucking Company and Defendant Singh's conduct, as described above, was extreme and outrageous. Defendant Singh risked the lives of drivers on the roadways of New Mexico, including Mr. Quintana, by driving recklessly and/or carelessly and at a very low rate of speed in the fast lane of traffic and with knowledge of the dangers of driving in such a manner on mountainous highways, and said conduct was the direct and proximate cause of Mr. Quintana's injuries, including the loss of his left arm.

42.     Defendant Singh's conduct was malicious, willful, reckless, or wanton and such conduct gives rise to an award for punitive damages in favor of Mr. Quintana.

43.     Defendant Day & Night Trucking Company had sufficient discretionary authority to prevent Defendant Singh from operating the vehicle on December 17, 2014 and knew or should have known that Defendant Singh should not have been operating Defendant Day & Night Trucking Company's vehicle on the date of the accident, but nevertheless authorized the use of said vehicle and thereby participated in, or ratified the conduct of Defendant Singh.

44.     Defendant Day & Night Trucking Company's conduct was malicious, willful, reckless, or wanton and such conduct in allowing Defendant Singh to operate said vehicle at the

time of the collision of December 17, 2014, gives rise to an award for punitive damages in favor of Mr. Quintana.

45.   Mr. Quintana has a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages against Defendant Singh and Defendant Day & Night Trucking Company.

**COUNT IV**
**NEGLIGENT HIRING, TRAINING, AND SUPERVISION**
**DEFENDANT DAY & NIGHT TRUCKING COMPANY**

46.   Mr. Quintana incorporates herein by reference all allegations contained in Paragraphs 1 through 45 as though more fully set forth herein.

47.   Upon information and belief, at all times relevant hereto, Defendant Day & Night Trucking Company was the employer of Defendant Singh.

48.   Upon information and belief, Defendant Day & Night Trucking Company failed to use ordinary care in hiring, training, and supervising Defendant Singh.

49.   Upon information and belief, Defendant Day & Night Trucking Company knew or should have known that its failure to use ordinary care in hiring, training, and supervising Defendant Singh would create an unreasonable risk of injury to the public, including Mr. Quintana.

50.   As a direct, proximate, and foreseeable result of Defendant Day & Night Trucking Company's negligence in hiring, training, and supervising Defendant Singh, Mr. Quintana suffered injuries and damages.

WHEREFORE Plaintiff Jesus Quintana-Quintana prays for judgment against Defendant Singh and Defendant Day & Night Trucking Company in an amount to be proven at trial for all of Plaintiff's damages as follows:

a.   For the loss of a limb;

b.   For medical expenses incurred as a result of the negligence of Defendants;

c.   For future medical expenses to be proven at the time of trial;

d.   For past and present pain and suffering;

e.   For future pain and suffering;

f.   For loss of quality of life;

g.   For loss of consortium;

h.   For permanent impairment;

i.   For punitive damages;

j.   For loss of society;

k.   For out-of-pocket expenses and costs;

l.   For property damage;

m.   For lost wages;

n.   For loss of earning capacity;

o.   For costs and attorney's fees in bringing this action as allowed by law;

p.   For pre-judgment and post-judgment interest; and

q.   For such other and further relief this Court deems just and proper.

Respectfully submitted,

**ROSALES LAW GROUP, P.C.**

By: _____

**DAVID RAY ROSALES**
**DAVID E. SHELLE**
*Attorneys for Plaintiff*
P.O. Box 7899
Albuquerque, New Mexico 87194
Telephone: (505) 866-4529
Facsimile: (505) 465-7035
DavidRosales@NewMexicoCounsel.com
DShelle@NewMexicoCounsel.com