IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**JESUS QUINTANA-QUINTANA,**

     **Plaintiff,**

**vs.**                        **No. 2:16-cv-01350-JAP-KRS**

**GURJANT SINGH and
DAY & NIGHT TRUCKING COMPANY,**

     **Defendants.**

## DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND FOR SANCTIONS PURSUANT TO RULE 37(c) FRCP

**COMES NOW** Defendant Day & Night Trucking Company, ("Day & Night"), by and through counsel, Chapman & Priest, P.C. (Ada B. Priest and Jessica D. Marshall), and Defendant Gurjant Singh by and through his counsel, West Law Firm, PLLC (Judd West and Carrie Snow), pursuant to Fed. R. Civ. P. Rule 37(c) hereby moves this Court for an Order of dismissal of Plaintiff's suit, or in the alternative, to sanction Plaintiff for discovery violations and vacate the current scheduling order. As grounds for this motion, Defendants state:

## I.    FACTS

This case arises from an accident that occurred on December 17, 2014, in Torrance County. On that date, Plaintiff was driving westbound on Interstate 40 when he collided with the rear passenger corner of a tractor trailer operated by Defendant Singh and owned by Defendant Day & Night. As a result of the accident, Plaintiff's left arm was traumatically amputated.

After the accident witnesses that stopped to aid Plaintiff reported to Deputy Young, the investigating officer, the smell of intoxicating liquor in or around the Plaintiff's person. *See* Deposition of Deputy Young, excerpts attached here as Ex. A, p. 24:21-25, 25:1-15. Deputy Young likewise noted the smell of alcohol around Plaintiff's face and did locate a half empty can of alcohol in Plaintiff's vehicle. *Id.* As a result of the foregoing, and as part of the discovery process, the Defendants sought relevant information from Plaintiff concerning his alcohol use, past and present; his criminal history, including arrests for driving under the influence; and, issues concerning his operation of a motor vehicle absent a valid driver's license issued from any state in the United States. In response to the foregoing, Plaintiff offered purposefully deceptive and dishonest answers, hindering the Defendants' ability to defend against the claims raised and offer proof of affirmative defenses.

First, Plaintiff, in deposition, denied consuming any alcohol on the date of the accident and claims he had not consumed alcohol in the year prior to the accident. *See* Deposition of J. Quintana-Quintana, excerpts attached here as Ex. G, p. 67:5-7[1]. That testimony is obviously at odds with the statements made by witnesses and the reporting officer. *See* Ex. A, p. 24:21-25, 25:1-15, 49:8-50:2, and 78:15-79:25. Hospital records also indicate Plaintiff was "positive" for ethanol at the time he was admitted and treated after this accident. *See* Records, attached here as Ex. B, and repeated throughout Plaintiff's records. Finally, this statement is at odds with testimony offered by Plaintiff's daughter, Rosa Quintana. Ms. Quintana testified she observed Plaintiff consuming

---

[1] Later in the deposition, Plaintiff deviated from this testimony offering a different timeframe (1 or 2 months) and further confusing the record. *See* Deposition of J. Quintana-Quintana, excerpts attached here as Exh. G, p. 69-70. This is additional evidence of plaintiff continuing to obstruct defendants' attempts at obtaining truthful information for their defense.

alcohol in the month prior to the accident.  *See* Deposition of Rosa Quintana, excerpts attached here as Ex. H, p.17:21-18:1.

The deception, however, does not stop with the aforementioned inconsistencies. In deposition, Plaintiff also denied any prior issues with alcohol abuse. *See* Ex. G at p. 64, 66-68, and 133-134. This is contrary to representations made by Plaintiff's attorney who – in an attempt bolster his client's claim to monetary compensation for the accident - claimed Plaintiff has "long battled ethanol use." Plaintiff's counsel further claimed the accident caused Plaintiff's "temptation to self-medicate with ethanol a daily struggle." *See* Correspondence dated, June 16, 2016, July 14, 2016 and January 23, 2018, redacted and attached here as Ex. C. These representations were made prior to Plaintiff's deposition so arguably counsel was unaware of his client's intent to misdirect the Defendants. Nonetheless, there is an independent obligation to prevent such untruths. Plaintiff's blatant attempt to mislead in this regard is prejudicial, at odds with notions of fair play and warrants dismissal.

Next, in response to deposition questions seeking information concerning Plaintiff's criminal history, including any charge of Driving While Intoxicated (DWI) or Driving Under the Influence (DUI), Plaintiff denied any such citations or arrests. *See* Ex. G at p. 62:10-15. In fact, Plaintiff was charged with DUI in California in 1993. In addition, Plaintiff was charged with drug possession in 1992, distribution of a controlled substance in 1994; and brandishing of a firearm in 2006. *See* Affidavit of Dita Dow attached here as Ex. D. These charges and arrests may not be exhaustive as the investigation into these matters continues. Notwithstanding, it is clear Plaintiff was dishonest when answering

these inquiries and such dishonesty mandates sanctions, including dismissal of this action.

Finally, while Plaintiff admitted he did not possess a valid driver's license issued by any state in the United States at the time of the accident, Plaintiff denies he ever received any warnings or citations about his failure to have such a license. *See* Ex. G at p. 109-111. In truth, Plaintiff was cited on four (4) separate occasions for failing to have a valid driver's license. Specifically, Plaintiff was cited in California on September 13, 2006 and June 25, 2007. Plaintiff was also cited in Oklahoma on June 23, 2011 and again on April 2, 2014. *See* pleadings attached here as Ex. E. Once again, Plaintiff has failed to be truthful and has hamstrung the efforts of the Defendants in mounting a valid defense to Plaintiff's baseless allegations.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Here, Plaintiff's purposeful misdirection is worse than providing evasive or incomplete responses as contemplated by Fed. R Civ. P. 37(a)(4). Here, Plaintiff has provided numerous untruthful responses that required significant research and investigation to uncover. This conduct warrants sanctions, up to and including dismissal pursuant to Rule 37(b)(2)(iv) as there is no cure to remedy.

## II.   STANDARD FOR MOTION FOR SANCTIONS AND DISMISSAL

Pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir.), a district judge may dismiss an action for discovery violations. *See also* Fed. R. Civ. P. 37(b)(2)(C) (authorizing a court to enter an order dismissing the action if a party "fails to obey an order to provide or permit discovery"). In order to proceed with a dismissal as a sanction, "due process requires that the discovery violation be predicated upon "willfulness, bad faith, or [some] fault of petitioner" rather than inability to comply." *National Hockey League*, 427 U.S. at 640 (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 2 L. Ed. 2d 1255, 78 S. Ct. 1087). Case law describes a "framework of factors that should ordinarily be considered by a trial court prior to dismissal." *See Mobley*, 40 F.3d at 340; *Ehrenhaus*, 965 F.2d at 921. The Tenth Circuit has "recognized that these factors are not a "rigid test," and that determining the correct sanction is a fact specific inquiry that the district court is in the best position to make." *Id.* at 920-21. *Archibeque v. Atchison, T. & S.F. Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995), states that these five factors include:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions."

The Court in *Archibeque* goes on to states that "these factors are not a "rigid test," and that determining the correct sanction is a fact specific inquiry that the district court is in the best position to make."

### III.   <u>ARGUMENT</u>

At best, Plaintiff has taken an extraordinarily cavalier approach to discovery. At worst, Plaintiff has been blatantly dishonest and has actively obstructed the Defendants from obtaining honest factual information in this case. Plaintiff has lied, and his counsel has been complicit or negligent in allowing his client to lie, to Defendants and this Court. This conduct should not be condoned and Defendants contend the only adequate remedy is dismissal of this case.

### a.   <u>Plaintiff's History of Alcohol Abuse Has Been Misrepresented</u>

As an initial matter, while a portion of Plaintiff's demand for settlement has been included as an exhibit to this motion, it is not provided for the purpose of arguing liability or damages, which would be prohibited under Fed. R. Evid. 408. This information is included to show that Plaintiff has lied to Defendants and this Court while under oath, and that Plaintiff's counsel has failed to uphold his duty to correct any misrepresentations *See* Rule 16-303 NMRA ("A lawyer shall not knowingly... offer evidence that the lawyer knows to be false; if a lawyer, *the lawyer's client or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures*, including, if necessary, disclosure to the tribunal; a lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false).

In this matter, Plaintiff's counsel represented – on three separate occasions -  that Plaintiff has "long battled with ethanol use", and that the accident has made Plaintiff's "temptation to self-medicate with ethanol a daily struggle". *See* Ex. C. Certainly this suggests Plaintiff's counsel is aware of Plaintiff's history of alcohol abuse. Additionally,

on January 25, 2015, Plaintiff himself, advised the medical providers at Sierra Vista Emergency Department that he was a recovering alcoholic, and last had a drink one month prior. See Ex. I. Notwithstanding, Plaintiff denied any history of alcohol abuse during his deposition and his counsel has failed to offer any clarification to prior representations. *See* Ex. G p. 63:6-64:25, 66:7-67:19, 133:2-135:14.

Pursuant to *Ausherman v. Bank of Am. Corp.* (D. Md. July 24, 2002), 212 F. Supp. 2d 435, Fed. R. Evid. 408 does "not shelter [a] lawyer's attempt to shield from court's scrutiny deliberately untruthful statements of material fact communicated to opposing counsel in settlement negotiations". Here, the settlement communications from Plaintiff's counsel and Plaintiff's deposition testimony, show that the Plaintiff has lied and Plaintiff's counsel has failed to remedy the situation as required. Defendants are entitled to obtain truthful information in preparing the defense, and Plaintiff's counsel cannot allow Plaintiff to continuously deceive Defendants and this Court.

   b. **Plaintiff Has Repeatedly Provided Inaccurate Information in Discovery and His Deposition Testimony**

Plaintiff has also misrepresented, or blatantly lied, in response to (1) inquiries concerning his criminal history; (2) inquiries concerning his failure to a have driver's license issued by any state in the United States; and (3) whether he had ever been denied a driver's license in the United States. These instances cannot be characterized as mere forgetfulness due to the passing of time. Based upon information uncovered during the Defendants' investigation, it is clear Plaintiff intentionally misrepresented and hid the truth from Defendants. After Plaintiff offered deposition testimony that was at odds with representations made by his counsel, testimony offered by Deputy Young and information contained in hospital records, counsel for Day & Night was forced to proceed with an in-

depth investigation into Plaintiff's background. The information uncovered demonstrates the systematic dishonesty Plaintiff has displayed during the entirety of the discovery process.

### i. Plaintiff's misrepresentation regarding his criminal history and prior lawsuits

In his deposition, Plaintiff was asked whether he had ever been charged with a crime or arrested. Plaintiff testified, under oath, that he had never been charged with a crime or arrested. *See* Ex. G at p. 62:10-15.   On the contrary, the background investigation revealed numerous criminal actions, including: 1) A felony charge in 1992 for possession of marijuana greater than 5 lbs. and less than 50 lbs. in El Paso, Texas; 2) A charge in the Deming district court for distribution of a controlled substance; 3) A charge in California in 2006 for brandishing a firearm; and 4) A DUI charge in Fresno County California in 1993. *See* Affidavits of Jessica D. Marshall and Dita Dow, attached here as Ex. D and Ex. F.

### ii. Plaintiff's misrepresentation regarding his possession of an invalid driver's license and whether he had ever been denied a license in the United States.

During his deposition, Plaintiff advised he had been a legal resident of the United States since the late 1980's. Notwithstanding, Plaintiff confirmed he had never had a driver's license issued by any state in the United States and had never been informed by law enforcement that his Mexico license was invalid. Specifically, Plaintiff testified, under oath, that he had never been advised that his license was invalid when he was stopped by police. *See* Ex. G, p. 111:6-112:9. In fact, the investigation undertaken revealed Plaintiff has been cited ***at least four (4) times for having an invalid license.*** Plaintiff

was cited in California on September 13, 2006 and again on June 25, 2007, as well as in Oklahoma on June 23, 2011 and again on April 2, 2014. Ex. E and Ex. F.

Finally, in responses to Interrogatory No. 16, Plaintiff represented he had never had a driver's license suspended, denied, or revoked. On the contrary, in his deposition, Plaintiff testified he had been denied a driver's license six (6) times in New Mexico and Kansas. *See* Ex. G p. 112:10-22. While Plaintiff "came clean" during his deposition, it is simply one more instance of Plaintiff behaving as though the truth is optional for purposes of this litigation.

### iii. Plaintiff's Actions Have Prejudiced the Defendants and are a Blatant Abuse of the Discovery Process

The inaccuracies in Plaintiff's sworn statements combined with the misrepresentations of Plaintiff's counsel and the information obtained by Defendants clearly demonstrates Plaintiff is willfully misleading the Defendants and this Court. In fact, this matter is similar to the discovery abuses in *Archibeque v. Atchison, T. & S.F. Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995). In *Archibeque*, the plaintiff proceeded to willfully hide information regarding prior pain in her hips and lower back, as well as providing misleading information in her deposition. The plaintiff in *Archibeque*, while claiming she did not have prior pain in the areas she alleged were injured in the accident that was the subject of the suit, her medical records indicated that she had prior pain and treatment to the area for 10 years before the accident. There the Court held that plaintiff had willfully mislead the defendant in discovery, which warranted a dismissal of plaintiff's case.

Similar to *Archibeque,* here Plaintiff has willfully misrepresented information regarding prior lawsuits, criminal history, whether he was ever told his license was invalid, when he last drank alcohol, and finally, his history of alcohol abuse. These are not small

9

matters that one would easily forget. Of the at least *four* criminal violations, at least one was a felony charge. The **four (4) times** Plaintiff was cited for having an invalid driver's license, all resulted in guilty pleas. Moreover, Plaintiff was denied a driver's license **six (6) times** though he denied it ever happened. These are not examples of mere forgetfulness. These affirmative statements were made with the intent to mislead.  These are not one-off events, these misrepresentations are numerous.

These misrepresentations are clearly undertaken with the intent to benefit Plaintiff in the pursuit of his claims. On the other hand, these misrepresentations have prevented Defendants' from being able to adequately mount a defense because it is clear Defendants may not rely on *any* of the information Plaintiff provided through the discovery process. Plaintiff's blatant disregard for the truth, brings into question the veracity of all of Plaintiff's discovery responses and deposition testimony.

## IV.   <u>CONCLUSION</u>

The matters about which Plaintiff has lied are serious and relevant to the defense of this matter. It is clear Plaintiff has undertaken conduct to purposefully mislead and misdirect the defense of this matter. What has become clear is Plaintiff will do and say anything he believes will help him to secure financial compensation for this accident, regardless of whether his claims have any veracity. Plaintiff's misrepresentations have also caused Defendants to incur significant expense and additional costs in order to investigate and uncover the untruths. Plaintiff's conduct mandates sanctions, up to and including dismissal of this action and fees and costs associated with the filing of the instant motion.

**WHEREFORE,** Defendants respectfully request this Court dismiss Plaintiff's claims with prejudice for his willful abuse of discovery and order Plaintiff to pay for all costs associated with the additional investigation and the filing of the instant motion.

Respectfully submitted,

**CHAPMAN AND PRIEST, P.C.**

*/s/ Jessica D. Marshall*
Ada B. Priest
Jessica D. Marshall
P.O. Box 92438
Albuquerque, New Mexico 87199
Tel: (505) 242-6000
ada@cplawnm.com
jessicamarshall@cplawnm.com
*Attorneys for Day & Night Trucking Company*

AND

**WEST LAW FIRM, PLLC**

*Approved via email 7/16/2018*
Judd C. West
Carrie A. Snow
40 First Plaza NW, Suite 735
Albuquerque, New Mexico 87102
judd@westlawfirmpllc.com
carrie@westlawfirmpllc.com
*Attorneys for Defendant Gurjant Singh*

11

I hereby certify that on the 16th day of July 2018, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means:

David Ray Rosales
Rosales Law Group, P.C.
P.O. Box 7899
Albuquerque, New Mexico 87194
DavidRosales@NewMexicoCounsel.com
*Attorney for Plaintiff*


 */s/ Jessica D. Marshall*
Jessica D. Marshall